IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:23-cr-00002 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| EDDIE REEVES, JR. | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Eddie Reeves, Jr.'s motion to revoke a detention order that

was entered in the District of Maryland.  (Dkt. No. 35.)  The court held a hearing on this motion

on March 27, 2023.  (Dkt. No. 39.)  For the reasons stated below, which differ in part from the

reasons set forth in Reeve's motion, the court will grant defendant's motion.

I.  BACKGROUND

On January 11, 2023, a grand jury in this district returned an indictment charging Reeves

and his co-defendant, Brandon Better, with offenses involving false statements in connection

with acquiring firearms.  (Dkt. No. 5.)  The indictment charges both defendants with a multi-

object conspiracy to defraud the United States, to make false statements to licensed firearm

dealers, and to cause false representations to be made in those dealers' records (count one).  The

indictment also alleges 11 substantive violations of 18 U.S.C. § 922(a)(6) against both

defendants for false statements in connection with the acquisition of 18 firearms (counts 7–17),

and 11 substantive violations of 18 U.S.C. § 924(a)(1)(A), for causing those same false

statements to be made in records maintained in connection with those purchases (counts 23–33).

The arrangement was a straw-purchase scheme: Better bought 26 firearms in 16 transactions and

falsely represented that he was the actual buyer of those firearms.  Reeves is prohibited from

possessing a firearm because of a 2020 Maryland conviction for unlawful possession of a handgun in a vehicle. (Ex. B, Dkt. No. 38-2.)

After the grand jury returned the indictment, an arrest warrant was issued for Reeves. On February 13, 2023, law enforcement agents arrested Reeves at his place of employment after they were unable to establish a primary residence for Reeves during the previous three weeks. (Ex. C, Dkt. No. 38-3.) During the arrest, agents seized a stolen, loaded Glock containing 10 rounds of ammunition from the front pocket of Reeves' sweatshirt. Agents later determined that the firearm had been used in a shooting in Prince George's County, Maryland, in June 2021. (Ex. D, Dkt. No. 38-4.) After being Mirandized, Reeves acknowledged that Better was buying and selling firearms, and having seen firearms that Better intended to sell, but denied being involved in the sales. (Ex. C at 2.) When asked about financial transactions with Better, Reeves stated that he owed Better money but also stated that he never lived with Better. Reeves further stated that Better called him after law enforcement agents interviewed Better's mother. Reeves admitted knowing that he was prohibited from possessing firearms. Reeves also told the agents that he has no permanent residence, could not recall his mother's address (as she had recently moved), and indicated that he currently stays with friends. (*Id.* at 2–3.)

On February 15, 2023, Reeves appeared for a detention hearing before a federal magistrate judge in the District of Maryland. Reeves argued that the government failed to meet its burden of showing serious risk of flight by a preponderance of the evidence or dangerousness by clear and convincing evidence. (Ex. A at 8–14, Dkt. No. 38-1.) The magistrate judge stated the following pertaining to serious risk of flight:

> So let me ask you this. This is what it comes down to. You said I should trust the third party custodian and I should trust your client. But both of them were not candid with Pretrial about where your client lived; right? I mean, your client, first of all, came in and

2

said he lives with his mom, but I don't know the address of where I live, which I don't find believable.   And then based on the addendum, it appears—and I am interested if I am wrong about this—is that [Reeves' mother] initially said that her son lived with her.   And then eventually told Pretrial that he had been there one night.

. . .

So I—a lot of the arguments you make make a lot of sense, but the trust part of it about complying with court orders and not being deceptive is troubling to me because I don't—how can I trust your client and/or [his mother] when like I can't even—they don't even tell Pretrial where they live?   I mean, why didn't Mr. Reeves say, I live with my girl in Forestville?   Here is the address.   I mean, . . . that would have been like a no brainer.

(*Id.* at 10–12.)  Reeves' counsel disagreed with the magistrate judge's interpretation of Reeves' interactions with Pretrial Services, but the magistrate judge remained "concerned about the lack of transparency," described it as "incredibly problematic," and stated that the court did not "know where [Reeves] lives."  (*Id.* at 16–18.)  The magistrate judge therefore found that the government had met its burden to show by a preponderance of the evidence that Reeves was a flight risk.

Regarding danger to the community, the magistrate judge pointed to the fact that Reeves "had a loaded Glock on his person at the time of his arrest."  (*Id.* at 17.)  The court stated that Reeves, "even if all things were considered equal, was on state probation for a firearms charge at the time of this offense conduct.  And at the time of his arrest, while on probation, possessed a loaded Glock."  (*Id.* at 19.)

Reeves moves to revoke the Maryland detention order after being transferred to this district.  He argues that the detention hearing itself was unlawful and that there are conditions that would permit his release.

## II.  ANALYSIS

"A defendant ordered detained by a magistrate may seek de novo review in the district court." *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) (citing 18 U.S.C. § 3145(b)). "When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).  In its review, the court "may base its review solely on the transcript of the prior detention hearing." *United States v. Harvey*, No. 3:17cr7, 2017 WL 4476802, at *1 (W.D. Va. June 22, 2017) (citing *United States v. Williams*, 753 F.2d 329, 334 (4th Cir. 1985)).  The court may also "adopt the magistrate judge's order without making duplicate findings, or may state additional reasons supporting pretrial detention." *United States v. Taylor*, No. 3:10cr100, 2010 WL 3340531, at *1 (W.D.N.C. Aug. 20, 2010).

A detention hearing is warranted if a case involves certain enumerated offenses, known as "(f)(1)" offenses, involving allegations of particularly dangerous criminal activity, or in a case involving a serious risk of flight or obstruction.  *See* 18 U.S.C. § 3142(f)(1), (2).  The court finds that the detention hearing was lawfully held because Reeves is charged with committing an (f)(1) offense.  *See* § 3142(f)(1)(E) (applying to "any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm").  He is charged with making a false statement in connection with the acquisition of a firearm, 18 U.S.C. § 922(a)(6), and this offense has been held to qualify as an (f)(1)(E) offense because the crime "involves the possession or use of a firearm." *United States v. Sentell*, No. 1:13cr50, 2013 WL 4781091, at *1 (W.D.N.C. Sept. 6, 2013); *see also United States v. Gaston*, No. 2:21cr36, 2021 WL 1170201, at *3 (N.D. Ind. Mar. 26, 2021) (finding that "acquisition" and "possession" are

4

synonymous for purposes of interpreting § 3142(f)(1)(E).  Other courts take a broader view and look not simply to the elements of the charged offense, but to the underlying offense conduct, in determining whether the offense "involves the possession or use of a firearm" under § 3142(f)(1)(E).  *See, e.g.*, *United States v. Watkins*, 940 F.3d 152, 167 (2d Cir. 2019); *United States v. Chokr*, No. 23-20037, 2023 WL 375336, at *4–5 (E.D. Mich. Jan. 24, 2023); *United States v. Syed*, No. 1:22-cr-1395-WJ, 2022 WL 6103455, at *5 (D.N.M. Oct. 7, 2022); *United States v. Whitlock*, No. 11cr736, 2011 WL 1843007, at *1 n.2 (D. Ariz. May 16, 2011).  Under either approach, the court finds that the government is entitled to a detention hearing.

Having found that a detention hearing was and is warranted, the court must determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f).  To obtain a detention order, the government must prove the court appearance or "flight risk" issue by a preponderance of the evidence, and the safety of the community—measured by whether a defendant presents a danger to the community—by clear and convincing evidence.  *Stewart*, 19 F. App'x at 48; *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005).  "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required."  *Stewart*, 19 F. App'x at 48.  In determining whether a defendant should be detained pending trial, courts consider the following factors: (1) the nature and circumstance of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and personal characteristics; and (4) the nature and seriousness of the danger to any person or the community posed by defendant's release.  18 U.S.C. § 3142(g).

First, the court finds that the government has not proved, by a preponderance of the evidence, that detention is necessary to assure Reeves' appearance at trial.  Reeves has stable employment that he can return to if he is released pending trial.  (Dkt. No. 35-1 (email from Caliber Collision stating that Reeves is welcome to return to work).)  Moreover, testimony at the motion to revoke hearing from Reeves' mother and girlfriend clarified the confusion about Reeve's living arrangements that caused the magistrate judge, very reasonably, to distrust everyone about Reeve's circumstances.  Over the past eight or so years, Reeves has been living either with his mother or with his girlfriend at her mother's house in order to save money.  In September 2022, his girlfriend and her mother moved into a new apartment.  In October 2022, Reeves' mother moved into a new one-bedroom apartment.  When Reeves' mother moved into a smaller one-bedroom apartment, it caused him to stay with his girlfriend most of the time.  Because of the moves, however, he did not recall the exact, specific addresses and he had not changed his address for driver's license purposes.   Thus, it appears that his living situation is stable.  Finally, Reeves' mother and girlfriend testified that if Reeves violated any conditions of release, they would inform Pretrial Services of the violation.  In sum, nothing in defendant's history or personal characteristics suggests that Reeves is a flight risk.  Reeves is charged with serious offenses involving straw purchases of weapons, but the government's summary of investigation does not provide overwhelming evidence of Reeves' guilt.  Reeves' appearance can be secured by the imposition of release conditions.

Second, the government has also failed to prove, by clear and convincing evidence, that detention is necessary to assure the safety of the public.  Reeves has no violence in his criminal history.  There is no violence described in the indictment or in the government's summary of the investigation.  However, the court is concerned about public safety given that Reeves was in

possession of a loaded, stolen weapon when arrested, was prohibited from possessing that weapon, and was on probation at the time.  But the court notes that he did not brandish the weapon or threaten the arresting officers.  Further, Reeves' mother and girlfriend, both of whom work for the federal government, or its contractors, and have passed background check requirements, have offered to serve as third-party custodians for Reeves.  Considering these circumstances, the safety of the public and others can be assured by imposing conditions of release, including a curfew and location monitoring.

### III.  CONCLUSION AND ORDER

For these reasons, it is HEREBY ORDERED that defendant's motion to revoke the order of detention (Dkt. No. 35) is GRANTED, subject to the court reconvening a hearing to set the bond and conditions of release.

The clerk of court is directed to transmit a copy of this opinion and order to counsel of record and to the United States Probation Office for this district.  Because Reeves resides in Maryland, this district's Probation Office shall transmit a copy to the United States Probation Office in Maryland.

Entered: March 29, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge