IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:23-cr-00002 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| EDDIE REEVES, JR. | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Eddie Reeves, Jr.'s motion for a bill of particulars. (Dkt. No. 36.) The government responded to the motion (Dkt. No. 53), and the court held a hearing on the motion on May 16, 2023 (Dkt. No. 57). Both parties filed post-hearing briefs. (Dkt. Nos. 59, 60.)

For the reasons stated below, defendant's motion for a bill of particulars will be denied.

I. BACKGROUND

On January 11, 2023, a grand jury in this district returned an indictment charging Reeves and his co-defendant, Brandon Better, with offenses involving false statements made in connection with acquiring firearms. (Dkt. No. 5.) The indictment charges both defendants with a multi-object conspiracy to defraud the United States, to make false statements to licensed firearm dealers, and to cause false representations to be made in those dealers' records (count one). The indictment also alleges 11 substantive violations of 18 U.S.C. § 922(a)(6) against both defendants for false statements in connection with the acquisition of 18 firearms (counts 7–17), and 11 substantive violations of 18 U.S.C. § 924(a)(1)(A) for causing those same false statements to be made in records maintained in connection with those purchases (counts 23–33).

As to count one, Reeves asks the court to order the government to specify any acts he committed in furtherance of the conspiracy. As to counts 7–17 and counts 23–33, Reeves asks

the court to order the government to specify how he assisted or participated in the making of any false statement on each Form 4473 completed by Better.

In discovery that was produced after Reeves filed this motion, the government provided Reeves with a 16-page summary of its investigation. (Ex. B, Dkt. No. 38-2.) The government also provided several search warrant affidavits, including a 30-page affidavit in support of search warrants for two phones obtained during Reeves' arrest. In addition, the government provided 27 other reports of law enforcement investigation, each outlining or summarizing various interviews and other investigative steps that were taken in this case. The government contends that the indictment, combined with this discovery, provides sufficient notice to Reeves of the charges against him. Reeves disagrees and persists in his request for a bill of particulars.

II. ANALYSIS

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a court "may direct the government to file a bill of particulars." A defendant has "no unconditional right to such a bill." *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987). A bill of particulars is intended to fairly apprise the defendant of the charges against him so he can adequately prepare a defense and avoid surprise at trial but must not be used to "provide a detailed disclosure of the government's evidence in advance of trial." *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004) (quoting *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)). "If the defendant has been given adequate notice of the charges against him and can fully prepare for trial with reasonably diligent efforts, the Government cannot be required [through a bill of particulars] to disclose additional details about its case." *United States v. Taylor*, No. 3:04cr227, 2005 WL 2298170, at *3 (E.D. Va. Sept. 21, 2005). Further, when "determining whether to grant a bill of particulars," a court may determine "whether the

information requested has been provided by other means, such as pretrial discovery, voluntary disclosure by the government, or the indictment itself." *Id.*

The indictment charges Reeves and Better with offenses involving false statements in connection with acquiring firearms. (*See* Dkt. No. 5.) According to the indictment, Better bought 26 firearms in 16 transactions, falsely representing that he was the actual buyer of those firearms. Also, the discovery provided by the government explains the proof showing Reeves' involvement: text messages between Reeves and Better regarding potential straw-purchase transactions; Better's purchase of the firearms; and cell phone and financial records showing that Better was transferring those firearms to others after purchasing them with money from Reeves. For example, Reeves transferred $2,904 to Better via CashApp in May and June 2021, when several of the firearms were purchased. (Ex. B at 1.) In September 2021, Reeves was in a vehicle pulled over by authorities, and one of the firearms purchased by Better in May 2021 was claimed by the driver of that vehicle. (*Id.* at 11–12.) Taken together, the indictment and the discovery provide Reeves with adequate notice of the charges against him.

In support, Reeves cites a case which granted a motion for a bill of particulars based on the "brevity of information contained in the indictment." *United States v. Honaker*, Case No. 1:19-cr-3, Dkt. No. 66 (W.D. Va. Apr. 4, 2019). Reeves argues that *Honaker* is similar because the government labeled the defendant an aider and abettor in an alleged conspiracy, relying only on circumstantial evidence. However, *Honaker* is clearly distinguishable because it involved a decade-long conspiracy; thus, the court was "concerned that the length of the alleged conspiracy and scheme and the brevity of the information contained in the Indictment may prevent Honaker from comprehending the charges against him, and, therefore, prevent him from adequately preparing for trial or lead to some surprise at trial." *Id.* at 5. The length of the alleged

conspiracy in this case is only three months.  Also, unlike this case, the government in *Honaker* could not point to a summary report of investigation that was disclosed.  Finally, *Honaker* is distinguishable because the indictment did not allege, nor did any discovery particularize, dates of alleged false claims submitted as part of the conspiracy (there, healthcare fraud).  In this case, the indictment alleges the specific firearms that were purchased and the dates on which they were purchased.

### III.  CONCLUSION

For the foregoing reasons, defendant's motion for a bill of particulars (Dkt. No. 36) is DENIED.  The clerk is directed to transmit a copy of this order to all counsel of record.

Entered: June 22, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge